**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROY M. LEE, KENNETH NUTTLER,**

**Plaintiffs,**

-vs-                                                            Case No.  6:04-cv-1368-Orl-KRS

**MACK CONSTRUCTION SERVICES,**
**INC., JOHN E. MACK, LISA MACK,**

**Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. § 216(b) (Doc. No. 19)**
>
> **FILED:**   April 1, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.     PROCEDURAL HISTORY.**

On September 14, 2004, the plaintiffs, Roy M. Lee and Kenneth E. Nuttler,[1] filed a complaint on behalf of themselves and all others similarly situated laborers and equipment operators employed by the defendants, Mack Construction Services, Inc. ("Mack Construction"), John E. Mack, and Lisa Mack.  The complaint alleges that the defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  On December 20, 2004, all three defendants answered the complaint and asserted a number of affirmative defenses.  Doc. Nos. 10-12.  The parties consented to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, and, on March 10, 2005, the Honorable Anne C. Conway, United States District Judge, referred this case to me for all further proceedings.  Doc. No. 16.

On April 1, 2005, Lee and Nuttler filed the present motion for conditional certification of a collective action.  Doc. No. 19.  In the motion, counsel for Lee and Nuttler certified that he conferred with opposing counsel, and that neither the Macks nor Mack Construction oppose the conditional collective action certification that the motion seeks.  *Id.* at 5.  In support of the present motion, Lee and Nuttler filed a proposed Notification to Potential Class Members and a proposed Consent to Become Party Plaintiff Pursuant to 29 U.S.C. § 216(b).

---

[1] The complaint lists "Kenneth E. Nuttler" as a plaintiff.  Subsequent papers filed in this case refer to this plaintiff as "Kenneth E. Nutter."  For the sake of consistency, I use the name "Nuttler" to identify this plaintiff.

**II.     ALLEGATIONS OF THE COMPLAINT.**

Lee and Nuttler are residents of Osceola County, Florida.  Doc. No. 1 ¶¶ 1-2.  Mack Construction is a corporation formed and existing under the laws of Florida, and it maintains and operates an office in Osceola County, Florida.  *Id.* ¶ 4.  Mack Construction employed Lee as a laborer and equipment operator from March 2002 through June 2003.  *Id.* ¶ 1.  Mack Construction employed Nuttler as a laborer and equipment operator from October 2002 through April 2004.  *Id.* ¶ 2.  While so employed, Lee and Nuttler were engaged in commerce or the production of goods for commerce.  *Id.* ¶ 9.

John E. Mack and Lisa Mack are residents of Osceola County, and, at all times material to this case, were owners and/or officers of Mack Construction.  *Id.* ¶ 5, 7.  John E. Mack and Lisa Mack were also acting directly or indirectly in the interest of Mack Construction in relation to Lee and Nuttler's employment, and they were substantially in control of the terms and conditions of Lee and Nuttler's work.  *Id.* ¶ 6, 8.  At all times relevant to this case, Mack Construction was an enterprise engaged in commerce with an annual gross volume of sales made or business done in excess of $500,000.  *Id.* ¶ 10.

Lee and Nuttler represent a class of similarly situated employees consisting of current and former laborers and equipment operators, employed by Mack Construction, who were not paid time and one-half their regular hourly rate of pay for hours worked in excess of forty in any workweek.  *Id.* ¶ 14.  During the class members' employment, the defendants required, suffered, or permitted them to work in excess of forty hours in one or more workweeks.  *Id.* ¶ 15.  The defendants were aware that the FLSA required them to pay the class members time and one-half

regular pay for each overtime hour worked. *Id.* ¶ 16. In addition, the defendants were aware that the class members worked overtime hours during one or more workweeks and refused to pay them overtime wages in willful violation of the FLSA. *Id.* ¶ 18.

### III.   STANDARD OF REVIEW.

The plaintiffs move to certify a class of employees pursuant to 29 U.S.C. § 216(b). This statute states as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any     one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Under this section no person can become a party plaintiff to a [FLSA class action] unless that person affirmatively 'opts into' the class by giving written, filed consent." *Brooks v. Bellsouth Telecomm., Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1995).

"For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees 'similarly situated.' '[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 407 (D. N.J. 1988) (internal quotations omitted)).

The United States Court of Appeals for the Eleventh Circuit has held that section 216(b)'s "'similarly situated' requirement is less stringent than that for joinder under [Federal Rule of Civil Procedure] 20(a) or for separate trials under Rule 42(b)." *Id.* The district court has the power to

give notice to other potential class members of the plaintiff class to opt in if they so desire. *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991). "Before exercising this power . . . the district court should satisfy itself that there are other employees of the [employer] who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* at 1567-68. The FLSA class certification process involves two steps as follows: first, the district court determines whether the plaintiffs should be permitted to solicit other class members to opt into the case, then, after discovery has taken place and the deadline for returning the opt-in notices has passed, the district court determines whether the case should proceed as a collective action. *Brooks*, 164 F.R.D. at 566. In a putative FLSA collective action, the "'plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they propose[].'" *Id.* at 568 (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

**IV.   ANALYSIS.**

In the present case, the parties conditionally agree "that there are other laborers who are similarly situated to the plaintiffs and that an opt-in should be sent to other laborers who currently work or have worked for [Mack Construction] for a period of three years prior to the filing of this lawsuit." Doc. No. 19 at 1-2. Given the parties' agreement, I am satisfied there is a reasonable basis to credit the plaintiffs' assertion that other employees of Mack Construction exist who were and are both similarly situated to Lee and Nuttler and subject to the same payment activities that resulted in the defendants' alleged failure to pay overtime wages. Thus, the present motion is due

to be granted, and the plaintiffs may proceed with the first stage of class formation in this case. *Dybach*, 942 F.2d at 1567-68; *Brooks*, 164 F.R.D. at 566.

## V.  CONCLUSION.

It is **ORDERED** as follows:  (1) this case is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b); (2) on or before June 30, 2005, the defendants shall serve on counsel for the plaintiffs the names and last known addresses of all laborers employed by Mark Construction Services, Inc. from September 14, 2001, to the date of this Order; (3) on or before July 15, 2005, the plaintiffs shall send the Notification to Potential Class Members and Consent to Become a Party Plaintiff in the form attached to this Order to each of the potential class members identified by the defendants notifying them that they may opt in as plaintiffs in this case; and (4) counsel for the plaintiffs shall file the original Consent to Join forms on or before October 3, 2005, and serve a copy of each Consent to Join form on counsel for the defendants.

It is further **ORDERED** that, on or before October 17, 2005, counsel for the parties shall provide a proposed briefing schedule on the issue of certification of the case as a collective action.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties