**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROY M. LEE, et al.,**

          **Plaintiffs,**

-vs-                                               **Case No. 6:04-cv-1368-Orl-KRS**

**MACK CONSTRUCTION SERVICES,**
**INC., et al.,**

          **Defendants.**

**ORDER**

This cause came on for consideration without oral argument on the following motion: Joint Notice of Settlement, Motion for Approval of Settlement, [and] Motion to Dismiss Case with Prejudice. Doc. No. 34.

**I.    PROCEDURAL HISTORY.**

On September 14, 2004, Roy M. Lee and Kenneth Nuttler,[1] "on behalf of themselves and all similarly situated employees," filed a complaint against Mack Construction Services, Inc., John E. Mack, and Lisa Mack (the defendants) alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On December 20, 2004, all three defendants answered the complaint and asserted a number of affirmative defenses. Doc. Nos. 10-12.

---

[1] The complaint lists "Kenneth E. Nuttler" as a plaintiff. Subsequent papers filed in this case refer to this plaintiff as "Kenneth E. Nutter." For the sake of consistency, I use the name "Nuttler" to identify this plaintiff.

Thereafter, on June 8, 2005, I conditionally certified this matter as a collective action pursuant to 29 U.S.C. § 216(b), and directed the plaintiffs to send proper notification to all potential class members, along with a "Consent to Join," notifying them of their right to "opt in" as plaintiffs in this case. Doc. No. 20 at 6.[2] On August 10, 2005, Sharon Strickland timely filed a Consent to Join. Doc. No. 27.[3] On September 30, 2005, Tracy Lamb timely filed a Consent to Join. Doc. No. 28. Thereafter, the parties informed the Court that they agreed this case should be certified as a collective action, involving a class of four individuals, presumably Lee, Nuttler, Strickland, and Lamb. Doc. No. 30.

On April 4, 2006, the parties filed a Joint Stipulation for Dismissal with Prejudice of Defendant John E. Mack Only. Doc. No. 33. On May 17, 2006, counsel for the parties filed the present motion, in which they request the Court to approve a settlement agreement which provides for, among other things, payment of certain sums to Lee, Nuttler, and Lamb. Doc. No. 34.

---

[2] I directed the defendants to provide counsel for the plaintiffs with the names and last known addresses of all laborers employed by Mack Construction Services, Inc. from September 14, 2001 to June 8, 2005. Doc. No. 20 at 6.

[3] The Consent to Join provides, in relevant part, as follows:

As a current or former laborer employee of Mack Construction Services, [I]nc., [I] [t]hereby consent, agree, and opt-in to become a party plaintiff herein and to be bound by any settlement of this action or adjudication of the Court, provided that the Court determines that I am similarly situated to the Representative Plaintiffs in this case.

Doc. No. 27.

**II.     STANDARD OF REVIEW.**

    A.     <u>Class Certification</u>.

The certification of "collective" or "class" actions under the FLSA is governed by § 216(b), which provides, in relevant part, as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

In sum, the FLSA class certification process generally involves two steps. First, the district court determines whether the plaintiffs should be permitted to solicit other similarly situated class members to "opt in" to the case. In resolving this issue, the court generally applies a fairly lenient standard, which typically results in "conditional certification" of a representative class. *Reed v. Mobile County School System*, 246 F. Supp. 2d 1227, 1230-31 (S.D. Ala. 2003). "Under [§] 16(b) of [the] FLSA . . . no person can become a party plaintiff . . . unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). Next, after discovery has taken place and the deadline for returning the opt-in notices has passed, the district court makes a more informed determination on the similarly situated issue, ordinarily in response to a motion to decertify. *Reed*, 246 F. Supp. 2d at 1230-31.

    B.     <u>Court Approval of Settlements in FLSA Actions</u>.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Specifically, if a settlement in an employee FLSA suit reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

**III.   ANALYSIS.**

"'[T]he decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court.'" *Reed*, 246 F. Supp. 2d at 1230-31 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). In this case, there has been no evidentiary showing that the two individuals who filed "opt-in" notices are similarly situated to the named plaintiffs. Under these circumstances, it is appropriate to permit the individuals who filed opt-in notices to join as party plaintiffs, rather than proceeding with the case as a collective action. *See, e.g., White v. Kcpar, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *1-4 (M.D. Fla. June 20, 2006). Accordingly, it is **ORDERED** that the conditional certification of the class is **VACATED**. The Clerk of Court is directed to add Tracy Lamb and Sharon Strickland as plaintiffs in this case with notices to be provided to them through counsel for the plaintiffs.

Turning next to the proposed settlement agreement, I note that it does not address the claims of Sharon Strickland. Because Strickland exercised her right to opt into this action,[4] I cannot conclude

---

[4] By giving written consent, filed with the Court, Strickland properly exercised her right to "opt in" to this action. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003).

that the proposed settlement agreement, which makes no reference to Strickland, represents a fair and reasonable resolution of this FLSA action.

Additionally, the proposed settlement agreement proposes to release Defendants Mack Constructions Services, Inc. and Lisa Mack of all claims that were or could have been asserted in this case by the named plaintiffs and "all other similarly situated employees." Because no class of similarly situated employees has been established, the proposed release is overbroad.

**IV.   CONCLUSION**.

Based on the foregoing reasons, the Joint Notice of Settlement, Motion for Approval of Settlement, [and] Motion to Dismiss Case with Prejudice (doc. no. 34) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida this 27th day of June, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties